IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-00183-TSB |
| *Plaintiff,* | : | Judge Timothy S. Black |
| vs. | : | |
| MUSGRAVE et al | : | **DEFENDANT GOLDBERG'S MOTION TO DISMISS** |
| *Defendants.* | : | |

Now comes Defendant, **Raymond Goldberg,** by and through undersigned Counsel, and respectfully requests this Honorable Court **DISMISS** Count One (I) of the Indictment as it relates to this Defendant for the reasons set forth in the memorandum attached hereto and incorporated herein.

Respectfully submitted,

**/s/ Charles W. Slicer, III (0059927)**
Attorney for Defendant Raymond Goldberg
111 West First Street, Ste. 518
Dayton, Ohio 45402
(937) 223-1100 telephone
(937) 223-8150 facsimile
Email: cslicer3@aol.com

## **MEMORANDUM**

Defendant Goldberg is charged by indictment with a single count of Conspiracy, namely, Conspiracy to commit wire fraud (with intent to defraud) contrary to 18 U.S.C. §1343; Conspiracy to commit bank fraud (with intent to defraud) contrary to 18 U.S.C. §1344; and Conspiracy to submit a false loan application (for the purpose of influencing) contrary to 18 U.S.C. §1014. Each of the foregoing offenses require proof of a mens rea of purposeful and intentional. Defendant submits that Count One of the Indictment in this case must be dismissed as it applies to Defendant Goldberg as there is no evidence of, and the Government cannot show, that any intent existed with respect to each of the above listed offense.

To commit bank fraud in violation of 18 U.S.C. §1344, an offender must *knowingly* execute, or attempt to execute by scheme or artifice, 1) to defraud a financial institution, or 2) to obtain moneys owned by a financial institution, by means of false or fraudulent pretenses, representations, or promises. The crime of misapplication bank funds requires a deceitful and dishonest mishandling. *U.S. v. Walker,* 871 F. 2d, 1298 (6th Circuit 1989). In the instant case, the indictment fails to sufficiently allege, and the evidence available fails to show, that there existed any intent on the part of Defendant Goldberg to defraud any financial institution, or to conspire to do the same. For this reason, Defendant submits that this offense as listed in the indictment must be dismissed.

To commit wire fraud in violation of 18 U.S.C. §, an offender must execute a scheme to defraud, and use wires in furtherance of that scheme. *United States v. Daniel*, 329 F.3d 480. A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money." *Jamieson*, 427 F.3d at 402. A plaintiff must also demonstrate *scienter* to establish a scheme to

defraud, which is satisfied by showing the defendant acted with a specific intent to defraud. *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998). In the instant case, the indictment fails to sufficiently allege, and the evidence available fails to show, that there existed any intent on the part of Defendant Goldberg to defraud any financial institution, or to conspire to do the same. For this reason, Defendant submits that this offense as listed in the indictment must be dismissed.

To violate 18 U.S.C. §1014, an offender must submit a false loan application *for the purpose* of influencing the action of the federally insured financial institution. The indictment must sufficiently allege, and the government established that: 1) the lending institution's deposits were federally insured; 2) the defendant made false statements to the institution; 3) the defendant knew the statements were false; and 4) the defendant made the statements for the purpose of influencing the institution's action upon an "application advance …. commitment, or loan. *United States v. Wells*, 519 U.S. 482, 484, 137 L. Ed. 2d 107, 117 S. Ct. 921 (1997). In the instant case, the indictment fails to sufficiently allege, and the evidence available fails to show, that there existed any intent on the part of Defendant Goldberg to defraud any financial institution, or to conspire to do the same. For this reason, Defendant submits that this offense as listed in the indictment must be dismissed.

In the instant case, there does not exist sufficient allegations in the indictment, nor is there sufficient evidence available, to show that there existed any intent on the part of Defendant Goldberg to conspire to commit the fraud alleged in Count One (I) of the indictment. Any issue arising from the factual allegations presented to this Court may outline a valid civil claim against Defendant Goldberg; however, without the necessary intent, Defendant Goldberg is not criminally accountable for the same.

**WHEREFORE,** Defendant Goldberg respectfully requests this Honorable Court dismiss Count One (I) of the Indictment filed December 13, 2011 as it pertains to him solely, as the indictment fails to sufficiently establish the intent required to form culpability under the respective statutes.

Respectfully submitted,

**/s/ Charles W. Slicer, III (0059927)**
Attorney for Defendant Raymond Goldberg
111 West First Street, Ste. 518
Dayton, Ohio 45402
(937) 223-1100 telephone
(937) 223-8150 facsimile
Email: cslicer3@aol.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing was provided to the Asst. U.S. Prosecutor, via the electronic filing system as required by the clerk.

**/s/ Charles W. Slicer, III**
